Forrest G. Buffington
Arizona State Bar No.: 5685
P.O. Box 4690
Yatahey, New Mexico  87375
(505) 905-5000
(505) 905-5001 - fax
forrest@barberborg.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juliette Dixon, Individually and on behalf of D. Yellow, V. Yellow, and J. Yellow, Minor Children, <br><br>  Plaintiffs, <br> v. <br><br> The United States of America, <br><br>  Defendant. | 3:15-CV-08284-PGR <br> **AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |

For her claim, Plaintiff avers:

## **OVERVIEW**

1. This is a civil action against the United States of America arising from the death of Jaron Yellow on or about 14 January 2014.  Jaron Yellow was arrested by Bureau of Indian Affairs Police, or the Navajo Nation Police Department, or a combination of those agencies and entities, at the Village of Moencopi, near Tuba City, Arizona, and died as a result of acute ethanol poisoning and restraint asphyxia as a

consequence of the negligent decisions, acts, and omissions of the law enforcement agencies involved in Jaron Yellow's detention, restraint, and arrest.  It is believed and alleged that the personnel involved in the detention, restraint, and arrest of Jaron Yellow were either employees of the Department of Interior of the United States of America, or of the Navajo Nation as police officers of the Navajo Nation Division of Public Safety, a tribal program funded by the United States Bureau of Indian Affairs within the Department of Interior, under the Indian Self-Determination and Educational Assistance Act, Public Law 96-638, acting within the course and scope of the said contract and in the course and scope of employment.  The defendant United States is answerable for said negligent decisions, acts, and omissions, pursuant to Public Law 93-638 and the Federal Tort Claim Act (FTCA), 28 USC §1346(b), and 28 USC §2671, et seq., and also pursuant to 28 USC §1331.

This suit is brought by Juliette Dixon, individually, as mother of Jaron Yellow, and as guardian and next friend of D. Yellow, V. Yellow and J. Yellow, his minor children.

**JURISDICTION UNDER THE**
**FEDERAL TORT CLAIMS ACT**

2.	This complaint is brought against the United States of America (hereinafter "United States") pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 25 USC §1346(b) and 28 USC §2761, and also pursuant to 28 USC 1331.  The FTCA vests this court with exclusive jurisdiction over plaintiff's claim against the United States for the negligent acts and omissions of its "employees", which includes the employees of the

Navajo Nation Division of Public Safety, and the Bureau of Indian Affairs police.

3.  The persons who detained, restrained and arrested Jaron Yellow were "employees of the government" within the meaning of 28 USC §2671 acting in the course and scope of their employment as agents, servants, and employees of the United States at all times relevant to the arrest, detention, and restraint of Jaron Yellow.

4.  At all times material hereto, defendant United States authorized and funded the Navajo Nation Division of Public Safety pursuant to a contract with the United States authorized under the Indian Self-Determination and Educational Assistance Act, Public Law 93-638 (25 USC §450 et seq.).

5.  In connection with the acts and omissions complained of herein, any employees of the Navajo Nation Division of Public Safety were acting pursuant to the aforesaid contract between the United States and the Navajo Nation, in the course and scope of their employment.

6.  In connection with the acts and omissions complained of herein, all Bureau of Indian Affairs police officers involved in the restraint, detention, and arrest of Jaron Yellow were agents and employees of the United States, acting in the course and scope of their employment.

7.  In accordance with Public Law 93-638, or Public Law 100-297, or both, the Navajo Nation division of Public Safety is Deemed to be an agency or instrumentality of the United States for the purpose of FTCA liability.

8.  The United States is the proper defendant for tort claims against the Navajo Division of Public Safety and its employees for acts and omissions under their contract

pursuant to Public Law 93-638 under 28 USC §2674, and for the negligent acts and omissions of its own agents and employees.

9.   Plaintiffs submitted timely administrative claims to the United States Department of the Interior under the FTCA for damages.  Exhibits 1, 2.  The claims sought damages, as required by federal law, for sums certain, for the death of Jaron Yellow.  The Department of the Interior has formally denied the claims.  Exhibit 3.  Plaintiff has exhausted her administrative remedies as required by the FTCA and has filed this complaint within six months after the claim was denied by the United States.  See, 28 USC § 2401(b) and 39 C.F.R. §912.9.  Plaintiffs are thus authorized by federal law to file this action against the United States at this time and this court has jurisdiction to entertain the action.  There are no defects of jurisdiction and no failure to exhaust administrative remedies.

**PARTIES**

10.   Plaintiff Juliette Dixon is a resident of Kayenta, Arizona.

11.   Plaintiff Juliette Dixon is the guardian of D. Yellow, V. Yellow, and J. Yellow, the minor children of Jaron Yellow pursuant to an order of the Navajo Nation Family Court, Kayenta District court, Cause No. KY-FC-515-2014 entered on 29 March 2015.

12.   The Navajo Division of Public Safety is a governmental department within the Navajo Nation that provides police services to the Navajo Nation.  It is operated by the Naavajo Nation under contract with the United States Department of the Interior pursuant to a contract authorized under the Indian Self-Determination and Educational

Assistance Act, Public Law 93-638; 25 USC § 450 et seq..

13. The Bureau of Indian Affairs is a Bureau of the Department of the Interior of the United States, providing law enforcement services in certain areas of Indian Country, including the Hopi Indian reservation.

14. Moencopi Village is part of the Hopi Indian reservation.

15. The arrest of Jaron Yellow occurred at Moencopi Village.

16. The negligence of employees of the Navajo Nation Division of Public Safety acting pursuant to a contract pursuant to Public Law 93-638, and of the United States Bureau of Indian Affairs, in the course and scope of their employment, is imputed to the United States to the same extent as if they, and it, were private persons subject to the laws of the State of Arizona, pursuant, inter alia, to 28 USC §1346(b); Public Law 93-638; and Public Law 10-297, the United States is similarly liable for the negligent acts and omissions of the employees of the Bureau of Indian Affairs and the Navajo Nation division of Public Safety for the negligent hiring, training and supervision of the employees who detained, restrained, and arrested Jaron Yellow.

## VENUE

17. All events complained of herein occurred in the State of Arizona. Venue in this district is proper pursuant to 28 USC §1402 (b).

## FACTS OF THE OCCURRENCE

18. On or about 13 January 2014, Jaron Yellow was detained, restrained, and arrested after an altercation and struggle, in Moencopi Village, by Bureau of Indian Affairs police, or officers of the Navajo Nation Department of Public Safety, or both.

19. On the same date, subsequent to his arrest, Jaron Yellow was arrested, restrained and detained by the officers of the Navajo Nation at the direction or request of the Bureau of Indian Affairs police.

20. At and immediately after the time of his arrest, Jaron Yellow was acutely intoxicated.

21. It was, or should, reasonably have been, apparent to the officers detaining, restraining, and arresting Jaron Yellow that he was acutely intoxicated, and to a degree that required immediate medical assessment and intervention.

22. It was, or should have reasonably have been apparent, to the officers detaining, restraining, and arresting, Jaron Yellow, that, due to the recent struggle, his acute intoxication, recent exposure to pepper spray, and large physical build, that Jaron Yellow was at risk from restraint and positional asphyxia.

23. Medical assessment and intervention was available at approximately five minutes' distance, at the Tuba City United States Public Health Service contract hospital.

24. Notwithstanding Jaron Yellow's apparent acute intoxication, need for, and the proximity of, medical assessment and intervention, the officers detaining, restraining, and arresting Jaron Yellow, negligently placed him in a position in which his breathing was restricted and kept him for approximately one hour face down in a police patrol unit.

25. During this time, it became apparent to the officers detaining him that he was unresponsive, and they belatedly sought medical intervention for Jaron Yellow.

26. Jaron Yellow suffered anoxic brain injury from acute ethanol poisoning and positional asphyxia during his detention, and was pronounced dead on the next day, 14

January, 2014, from the effects thereof.

## COUNT 1
## NEGLIGENCE

27.     Paragraphs one through 26 are incorporated by reference.

28.     The law enforcement officers and personnel who detained, restrained, and arrested Jaron Yellow knew, or reasonably should have known that Jaron Yellow was at risk of death or anoxic brain injury from restraint and positional asphyxia, and death from ethanol intoxication.

29.     The law enforcement personnel who detained, restrained, and arrested Jaron Yellow knew, or reasonably should have known, they had a duty to observe Jaron Yellow, and seek immediate medical attention for him.

30.     Immediately upon or after his arrest Jaron Yellow became unresponsive.

31.     Notwithstanding the risks to Jaron Yellow, the law enforcement personnel who restrained, detained, and arrested him negligently maintained him in restraint longer than necessary, maintained him in a position in which he was at risk from restraint and positional asphyxia, failed to observe him, and failed to secure medical attention for him when they knew or should have known he required medical attention.

32.     As a direct and proximate result of the actions, and inactions of the law enforcement personnel who restrained, detained, and arrested Jaron Yellow, he suffered anoxic brain injury and died.

## NGLIGENT TRAINING, ADMINISTRATION AND SUPERVISION

33. Paragraphs one through thirty two are incorporated by reference herein.

34. The United States and the Navajo Nation Division of Public Safety had a duty to train their respective officers and employees in the dangers presented by acute ethanol intoxication and restraint and positional asphyxia.

35. The United States and the Navajo Nation Division of Public Safety knew or should have known of the dangers presented by acute ethanol intoxication and positional and restraint asphyxia.

36. Acute ethanol intoxication and situations requiring restraint are usual and recurring for law enforcement agencies in the area of Moencopi.

37. Notwithstanding their knowledge of the dangers to arrested subjects of positional and restraint asphyxia, and of acute ethanol intoxication, the United States and the Navajo Nation Division of Public Safety negligently failed to train and supervise the personnel who restrained, detained, and arrested Jaron Yellow in the dangers of acute ethanol intoxication, and of positional and restraint asphyxia, and prevention of death arising there from, and failed to make, adopt, and enforce standards to avoid restraint and positional asphyxia, and death from acute ethanol poisoning.

38. As a consequence of the above-alleged failure to train and supervise in the dangers of restraint and positional asphyxia and acute ethanol intoxication and to make, adopt and enforce standards to prevent the same, Jaron Yellow died.

## DAMAGES

39. Paragraphs one through thirty eight are incorporated by reference.

40. As a direct and proximate result of the death of Jaron Yellow, Plaintiff and the children of Jaron Yellow have suffered and will continue in the future to suffer losses and damages, including but not limited to; the loss of Jaron Yellow's love, affection, companionship, care, protection, and guidance; pain, grief, sorrow, anguish, stress, shock and mental suffering; loss of income and services; and the expense of funeral and burial.

WHEREFORE, Plaintiff prays for herself and her minor children for judgment against the United States for such damages as are available to them under the law of the United States and Arizona, costs of suit, and such other and further relief as to which the law and proof shall deem them entitled.

Respectfully submitted,

BARBER & BORG, LLC

By: */s/Forrest G. Buffington*
    Forrest G. Buffington, Esq.
    P.O. Box 4690
    Yatahey, NM 87375
    505-905-5000
    Email: forrest@barberborg.com
    Attorneys for the Plaintiff

Approved as to form by:

*/s/Laurence G. Tinsley, Jr., with permission*
Assistant United States Attorney
for Defendant United States of America
By e-mail 09/30/2016


*/s/Josh Montagnini with permission*
Mason & Isaacson, P.A.
for Navajo Nation
by e-mail 09/30/2016